## Mary J. Spreen, Appellee, v. John A. Beck, Appellant.

1. APPEALS AND ERRORS—*what errors not considered.* Errors assigned but not argued are deemed waived.

2. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence where not clearly and manifestly so.

Action in case. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911. Rehearing denied December 8, 1911.

BRACKEN & YOUNG, for appellant.

J. J. MORRISEY, W. B. CARLOCK and JACOB P. LINDLEY, for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an action in case, for the recovery of damages alleged to have resulted to the plaintiff through the negligent operation by the defendant of an automobile. Judgment was rendered on the verdict of the jury against the defendant for $1,000. The jury found specially that the plaintiff could not have avoided injury to herself by the exercise of due care on her part, and that at and immediately before the collision she exercised due care and caution for her own safety.

The declaration alleges, and the evidence discloses, that on April 10, 1909, while the plaintiff was walking along and across Washington street in the city of Bloomington, where the same is crossed by Main street, she was injured by being struck by an automobile propelled by gasoline motive power along Washington street, which automobile was then being operated and controlled by the defendant.

The grounds assigned for reversal are, that the general and special verdicts are against the weight of the evidence; that the motion by defendant to direct a verdict in his favor should have been sustained, and, further, that the judgment is excessive.

The evidence shows that the plaintiff, who was about 68 years of age, on the morning of April 10, 1909, was attempting to cross Washington street, a street running east and west in the city of Bloomington, at its intersection with Main street, which runs north and south; that she proceeded south on the crossing on the east side of Main street, about two-thirds of the distance to the south sidewalk on Washington street, and then left the crossing and was walking in a southeasterly direction transversely toward such sidewalk, when she was struck by the automobile of the defendant, which was going eastward on Washington street, and

thrown to the pavement.     By reason of the accident
her knee-cap was fractured, her ankle dislocated, and
she was otherwise severely injured.     The evidence
further shows that at the west side of the intersection
of Main and Washington streets, was the terminus of
a street car line, and that at the time of the accident
the west side of the street was crowded with people
who had just alighted from street cars. The testimony
introduced by the plaintiff tends to show that no warn-
ing of the approach of the automobile was given, either
by sounding a horn or ringing a gong, or otherwise.
She testified that before leaving the crossing and start-
ing for the sidewalk, she looked both east and west on
Washington street and saw no vehicle of any kind, or
any obstruction to prevent her crossing over, and
heard no whistle or gong sounded.

The defendant testified that he was proceeding east
on Washington street, and that when he reached the
southwest corner of the intersection of said street with
Main street, he stopped his machine, and before start-
ing sounded the horn several times, and slowly crossed
Main street, and while so doing he again sounded his
horn; that before crossing Main street he looked north
and south, and that after he had done so, he turned
south toward the sidewalk for the purpose of stopping,
looking straight ahead at the time; that the machine
was barely moving, when the plaintiff stepped sud-
denly and unexpectedly in front of and was struck by
the same, and that the machine stopped within two feet
after striking her.     The evidence introduced by the
defendant further tends to show, that at the time the
plaintiff started from the crossing to the sidewalk, in
a transverse direction, the defendant and his machine
were clearly within her view; that there were no street
cars or other vehicles on Main street to obstruct such
view, and nothing to prevent her from seeing him ap-
proach.     The testimony of each of the parties is cor-
roborated to some extent by the witnesses called by

them respectively.    In this state of the proof, the questions of fact involved were peculiarly within the province of the jury, and were properly submitted to it for determination.    The jury has found both by the general and special verdicts, in favor of the plaintiff, upon these controverted issues.    We are unable to say, after a careful review of the whole evidence, that such findings were clearly and manifestly unwarranted by the evidence, and are therefore not at liberty to disturb the verdict.

It is conceded that the court correctly advised the jury as to the law applicable to the facts in issue. We find no prejudicial error in the rulings of the court upon the admissibility of evidence.    It is assigned as error that the verdict is excessive, but the question is not argued and the contention is therefore waived. It does not appear, however, from the evidence, that the damages are clearly excessive.

The judgment of the circuit court is affirmed.,

*Affirmed.*